IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TAEMAKA FRANCIS                                                    PLAINTIFF

VS.                              CIVIL ACTION NO.: 5:16-cv-86(DCB)(MTP)

TIMOTHY WROTEN, IN HIS OFFICIAL CAPACITY
AS SHERIFF OF AMITE COUNTY, MISSISSIPPI;
AMITE COUNTY, MISSISSIPPI; AND BRIANNA ROGERS           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendants Sheriff Timothy Wroten and Amite County ("the County defendants")'s Motion for Judgment on the Pleadings as to State Law Claims or, in the alternative, to strike jury and demand for punitive damages **(docket entry 7)**, and on the County defendants' Motion for Judgment on the Pleadings as to Federal Claims **(docket entry 9)**. The plaintiff failed to file responsive briefs addressing the motions within the time required by the Local Rules of this Court. On January 27, 2017, the Court therefore ordered the plaintiff to show cause for her failure to file responsive pleadings, and to show cause why judgment should not be entered against her. (Docket entry 11). The plaintiff failed to respond. On April 17, 2017, the Court entered another show cause order (Docket entry 12) warning the plaintiff that her failure to respond could result in entry of judgment on the pleadings as well as dismissal of the plaintiff's complaint. Again, the plaintiff failed to respond. In fact, the plaintiff has not filed any pleadings beyond her Complaint and

proofs of service of process.

The County defendants have moved for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c) as they have answered the Complaint. "The standard for deciding a Rule 12(c) motion is the same as with a Rule 12(b)(6) motion to dismiss." Guidry v. Am. Public Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007)(citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal quotation omitted). The plaintiff must plead sufficient facts so that the Court may reasonably infer the defendant's liability for the alleged misconduct. Id. "[A] plaintiff armed with nothing more than conclusions cannot unlock the doors of discovery." Doe v. Robertson, 751 F.3d 383, 393 (5th Cir. 2014)(internal quotations omitted).

In her Complaint, the plaintiff claims that the County defendants (1) were grossly negligent; (2) assaulted and battered her; and (3) intentionally inflicted emotional distress upon her. Complaint, ¶¶ V-VII. However, the person the plaintiff alleges assaulted her (defendant Brianna Rogers ("Rogers")) was not an Amite County employee but, rather, a fellow inmate.

Prison officials have a duty under the Eighth Amendment to

2

protect inmates from violence at the hands of other inmates. Farmer v, Brennan, 511 U.S. 825, 833 (1994); see also Horton v. Cockrell, 70 F.3d 397, 400-01 (5th Cir. 1995). However, not every injury "by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. To establish a failure-to-protect claim, the plaintiff must show that she was detained "under conditions posing a substantial risk of serious harm and that [the defendants] were deliberately indifferent to [her] need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). "In order to act with deliberate indifference, 'the [defendants] must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.'" Id. (quoting Farmer, 511 U.S. at 837).

The plaintiff has failed to plead that the County defendants had the requisite knowledge that a substantial risk of serious harm existed prior to the incident at issue in her Complaint. Even assuming that the allegations in the Complaint are true, the plaintiff has failed to show how the County defendants acted with deliberate indifference. Mere negligence in failing to protect a prisoner does not form the basis of a failure-to-protect claim. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

As previously noted, the plaintiff failed to respond to the

3

Court's show cause order and failed to show why judgment should not be entered against her.  On April 17, 2017, the Court extended to the plaintiff one last opportunity to show why Judgment on the Pleadings should not be entered against her, but the plaintiff did not respond.  It is clear to the Court that the plaintiff has no interest in pursuing her claims against the County defendants, and by her inaction has conceded the County defendants' motions.

The Court shall therefore grant the County defendants' Motion for Judgment on the Pleadings as to State Law Claims, and shall grant the County defendants' Motion for Judgment on the Pleadings as to Federal Claims.  The County defendants' motion to strike is therefore moot.

Because the Court is dismissing all claims over which it has original jurisdiction, it shall decline to exercise supplemental jurisdiction over the plaintiff's state law claims against defendant Rogers.  See 28 U.S.C. § 1367(c)(3).

Accordingly,

IT IS HEREBY ORDERED that defendants Sheriff Timothy Wroten and Amite County's Motion for Judgment on the Pleadings as to State Law Claims **(docket entry 7)** is GRANTED, and all state law claims against Sheriff Timothy Wroten and Amite County are dismissed with prejudice;

FURTHER ORDERED that defendants Sheriff Timothy Wroten and Amite County's Motion for Judgment on the Pleadings as to Federal

Claims **(docket entry 9)** is GRANTED, and all federal claims against Sheriff Timothy Wroten and Amite County are dismissed with prejudice;

FURTHER ORDERED that the County defendants' motion to strike is MOOT;

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims against defendant Brianna Rogers, and said state law claims are dismissed without prejudice.

A Final Judgment shall issue this day.

SO ORDERED, this the 15th day of May, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE